IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JEFFREY CHARLES, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | 4:18CV3006 |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD HANSEN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

Jeffrey Charles (Charles) has filed a petition seeking a writ of habeas corpus. I now conduct an initial review[1] of that petition and dismiss it with prejudice. No certificate of appealability will be granted.

Charles, who is serving 70 to 140 years in prison[2], attacks Nebraska's habitual criminal statute, Neb. Rev. Stat. § 29-2221 (West). He claims that the statute violates the *Apprendi* line of cases. His claim has no merit.

*Apprendi* itself recognized that proof of prior conviction is an exception to the rule that facts that make the sentence go up because of a statutory enhancement must be proven beyond a reasonable doubt to a jury. *Apprendi v. New Jersey,* 530 U.S. 466, 490, (2000). And as the Nebraska Court of Appeals recognized when denying Charles' post-conviction appeal, nothing has changed:

---

[1]"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

[2]I take judicial notice of state court records available online to this court. See *Stutzka v. McCarville,* 420 F.3d 757, 761, n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

State's motion for summary affirmance granted. Recent case relied upon by appellant, *Hurst v. Florida*, 136 S. Ct. 616, 193 L. Ed. 2d 504 (2016), does not impact prior holdings by Nebraska Supreme Court that the determination of whether a defendant has prior convictions that may increase the penalty for a crime beyond the prescribed statutory maximum is not a determination that must be made by the jury. See State v. Johnson, 290 Neb. 369, 859 N.W.2d 877 (2015); *State v. Hurbenca,* 266 Neb. 853, 669 N.W.2d 668 (2003).

*State v. Charles*, A17-305 (Neb. Ct. App., August 1, 2017), petition for further review denied December 22, 2017.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The petition for writ of habeas corpus (filing no. 1) is denied with prejudice.

2. No certificate of appealability will be issued.

3. A separate judgment will be issued.

DATED this 2nd day of February, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge